BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE:** Paycheck Protection Program ("PPP") Agent Fees Litigation | MDL Docket No. 2950<br><br>ORAL ARGUMENT REQUESTED |

### INTERESTED PARTY RESPONSE OF HOWARD SMUKLER TO ALLIANT CPA GROUP, LLC'S MOTION FOR TRANSFER OF ACTIONS

Pursuant to Rule 6.2(e) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Interested Party Howard Smukler ("Plaintiff"), plaintiff in the case styled *Howard Smukler et al. v. JPMorgan Chase Bank, N.A. et al,* No. 3:20-cv-3413 (N.D. Cal.), hereby submits this Interested Party Response to Alliant CPA Group, LLC's ("Alliant") Motion for Transfer ("Motion").

Plaintiff opposes the Motion for the reasons stated in JPMorgan Chase Bank, N.A.'s Response to Alliant CPA Group LLC's Motion for Transfer ("Chase Response"). (Dkt. 158.) As one of the few plaintiffs with specific allegations against Chase,[1] Plaintiff writes separately to add and/or clarify three points: *First*, Plaintiff agrees with Chase that the most efficient approach to coordinating these Paycheck Protection Program ("PPP") "agent fees" cases is to centralize the claims against Chase separately from the claims against other defendants.[2] *Second*, in the

---

[1] Plaintiff, unlike Alliant, alleges that he is owed agent fees specifically by Chase. Although ten of the 31 actions subject to this Motion also name Chase as a defendant, in the majority of them, the basis for naming Chase is unclear: these so-called "copycat actions" contain only generalized allegations against an assortment of lender defendants (including unnamed "doe defendants"). Plaintiff, by contrast, alleges that he completed and filed a loan application for his client, with the understanding that he could collect his fees from Chase, only to be later told by a regional Vice President for Chase Business Banking that Chase was "not paying third party fees" owed to agents like him. (*See Howard Smukler et al. v. JPMorgan Chase Bank, N.A. et al,* No. 3:20-cv-3413, dkt. 1 ¶ 41-42, 47.)

[2] The actions subject to this Motion which assert agent fee claims against Chase (or its parent company) are identified in Exhibit A.

1

event that the Panel decides on some form of lender-specific consolidation of the cases subject to this Motion, it would best serve the goals of 28 U.S.C. § 1407(a) to coordinate the Chase-specific MDL (the "Chase Agent Fee MDL") with *In Re JPMorgan Chase Paycheck Protection Program Litig.*, MDL No. 2944, the other PPP-related Chase-specific putative MDL now pending before the Panel (the "Chase PPP Loan Fraud MDL").[3] *Third*, Plaintiff respectfully submits that the proposed Chase Agent Fee MDL should be transferred to the Northern District of Illinois before Judge Matthew F. Kennelly (who is overseeing other PPP-related litigation against Chase and has been identified as a potential transferee court for the proposed Chase PPP Loan Fraud MDL) or one of the many other capable judges of that District.[4]

## ARGUMENT

**I.    An industry-wide MDL should be avoided, but a Chase-specific MDL would serve the convenience of the parties and witnesses and would promote judicial economy.**

Plaintiff adopts and endorses Parts A and B of Chase's Response, which explain why Alliant's proposed industry-wide MDL would not meet the criteria set out in 28 U.S.C. § 1407(a), while a Chase Agent Fee MDL would. The Panel has consistently recognized that consolidation of claims involving multiple defendants (and the need for defendant-specific discovery) does not promote section 1407's convenience and efficiency goals. *See, e.g., In re Mortg. Indus. Home Affordable Modification Program (HAMP) Contract Litig.*, 867 F. Supp. 2d

---

[3]    This parallel litigation involves claims again Chase under various state law consumer fraud statutes and common law theories related to the bank's alleged failure to process PPP loan applications on a "first come, first served" basis as required by federal law. *See* 85 Fed. Reg. 20815 § (2)(m); *see also* https://home.treasury.gov/system/files/136/PPP--IFRN%20FINAL.pdf

[4]    Plaintiff appreciates that there are other lenders named by the various plaintiffs in the cases subject to this Motion. Though Plaintiff adopts and endorses Chase's position in opposition to Alliant's proposed industry-wide MDL, Plaintiff's case relates only to claims against Chase and thus, he takes no position as to the consolidation or the appropriate forum for litigating agent fee actions against other defendants.

1338, 1338–39 (J.P.M.L. 2012) (explaining that actions challenging "industry-wide misconduct in mortgage origination, servicing, and foreclosure practices" where "the nature of plaintiffs' allegations and the involvement of many different non-overlapping defendants make the existence of common questions of fact unlikely."). While there are claims brought against multiple defendants here, creating a Chase-specific MDL is well within the Panel's power. Section 1407(a) provides that the Panel may "separate any claim … and remand any of such claims before the remainder of the action is remanded." The Panel has exercised its discretion to separate the claims against certain defendants where, like here, there is enough overlap in the defendant-specific claims, but not enough overlap among the defendants collectively to support a broader transfer and consolidation. *See, e.g., In re Aredia & Zometa Prod. Liab. Litig.*, 429 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2006) (separating and remanding certain claims that were brought against different defendants and involved different pharmaceutical products). Invoking that power here would strike the right balance between capturing efficiencies in the plaintiffs' overlapping claims against Chase while avoiding the creation of an intractable litigation thicket.

II. **It would best serve the goals of section 1407(a) for the Panel to allow for coordination between the Chase Agent Fees MDL and the Chase PPP Loan Fraud MDL.**

As the Panel is aware, Alliant's proposal is not the only request to consolidate lawsuits arising under the PPP. Dozens of other multidistrict PPP-related cases have been filed against many of the same lender defendants (including Chase) named in the cases subject to this Motion. These other PPP-related actions include cases asserting that Chase prioritized larger customers over smaller customers (so-called "prioritization cases"), cases asserting that Chase's PPP loan application process was overly complicated (so-called "application cases"), cases asserting that Chase excluded non-customer applications for PPP loans (so-called "exclusion cases"), and a

handful of others, all relating to PPP loan applications.[5] A separate proposal to centralize and transfer these other PPP-related cases against Chase is on file and awaiting the Panel's decision. *In Re JPMorgan Chase Paycheck Protection Program Litig.*, MDL No. 2944, dkt. 1.

Should the Panel choose to create a Chase Agent Fee MDL (as it should), that MDL should be transferred to the same district and judge handling the Chase PPP Loan Fraud MDL. While the two putative Chase MDL tracks obviously involve different issues and claims, there will be significant overlap—particularly with respect to the common documentary evidence (e.g., documents and policies concerning Chase's implementation of the PPP criteria), witnesses, and motion practice. As such, there are significant efficiencies to be gained by transferring both MDL tracks to one courtroom, where a single jurist will be tasked with becoming familiar with and managing the overlapping cases. In analogous situations, the Panel has recognized that transferring cases with similarly overlapping issues to one district judge serves the purposes of Section 1407. *See In re: Blue Buffalo Co., Ltd., Mktg. & Sales Practices Litig.*, 53 F. Supp. 3d 1385, 1386 (J.P.M.L. 2014) (transferring cases for coordinated or pretrial proceedings to a district judge overseeing related litigation because that court was "in a particularly favorable position to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice."). Indeed, given that Chase's implementation of the PPP loan program is at the heart of both the cases subject to this Motion and those subject to the putative Chase PPP Loan Fraud MDL, the Panel even has discretion to transfer all cases against Chase under the same banner. *See In re: State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 560

---

[5]  The actions subject to this Motion have been categorized separately as so-called "agent fee cases" because they share the common factual allegation that Chase failed to pay fees to agents that assisted customers in applying for PPP loans.

F. Supp. 2d 1388, 1389 (J.P.M.L. 2008) (transferring cases with varying claims to single district judge, noting that "[d]iscovery and other pretrial proceedings will undoubtedly overlap, as each action is at least indirectly tied to the same bond fund, and the same group of State Street employees managed all of the bond funds at issue."). And even if the option has some down-the-road risk—i.e., given that the various cases against Chase feature different claims—the assigned district judge always has the ability to divide cases featuring distinct claims or issues into individual litigation tracks, while still leveraging the benefits of his or her familiarity of the cases' overlapping facts and issues. *See, e.g.*, *In re NCAA Student-Athlete Concussion Injury Litig.*, No. 13-cv-9116, dkt. 291 at ¶ 5 (N.D. Ill. Sept. 8, 2016) (creating separate litigation track addressing divergent issues within cases under a single MDL).[6]

### III. The Northern District of Illinois is the most appropriate transferee forum.

Plaintiff opposes transfer of the related actions to the Northern District of Georgia and proposes the Northern District of Illinois as a more appropriate forum for consolidation. Alliant notes that "the ease of access, economical travel options, Atlanta's banking and financial services industry and its geographically central location make the Northern District of Georgia the appropriate transferee forum for this MDL." (Dkt. 1-1 at 13.) But Atlanta is not at all geographically central to the parties involved in the claims against Chase.[7] Chicago—which

---

[6] Plaintiff is not taking the position that the agent fee cases subject to this Motion should be consolidated into one proceeding with the other PPP-related cases under consideration in *In re JPMorgan Chase Paycheck Protection Plan Litigation*, MDL No. 2944 Rather, Plaintiff respectfully submits that there are advantages to transferring all Chase-specific proceedings to the same district and judge. To the extent the Panel does not agree with Plaintiff's suggestion to coordinate with the Chase PPP Loan Fraud MDL, he still endorses a Chase Agent Fee MDL.

[7] As shown in Exhibit A, the cases naming Chase as a defendant were filed in district courts in the following states: Arizona, California, Colorado, Florida, New York, Ohio, Texas, and Utah. The majority of the cases are aggregated in the western half of the United States, while only three cases were filed in the eastern half. Therefore, although some defendants have

offers comparable ease of access, economical travel options, and a robust banking and financial services industry— is far more geographically central to plaintiffs and Chase. The Northern District of Illinois has also been identified as a potential transferee court for the putative Chase PPP Loan Fraud MDL. For these reasons, and as explained below, the Chase Agent Fee MDL should be transferred to the Northern District of Illinois before the Honorable Judge Matthew F. Kennelly (who is currently presiding over other PPP-related litigation against Chase).

1. **The Northern District of Illinois is a more convenient forum for centralized pretrial proceedings.**

The Northern District of Illinois would, particularly in comparison to the proposed Georgia forum, be far more conducive to the convenient and efficient administration of the overlapping cases subject to this Motion. Several factors militate in favor of assigning the Chase-specific claims to the Northern District of Illinois for the sake of the convenience of the parties and witnesses.

First, as discussed here and in the other papers filed before the Panel, because Chase is a large national bank, its administration (and alleged misadministration) of the PPP has national significance. Chase's refusal to pay PPP agent fees affected businesses across the country, in every state in which it operates. In other MDLs with national significance, the Panel has recognized the Northern District of Illinois—which is centrally located in the United States in a robust urban center—as an appropriate transferee forum. *In re McDonald's French Fries Litig.*, 444 F. Supp. 2d 1342, 1343 (J.P.M.L. 2006), *adhered to*, 545 F. Supp. 2d 1356 (J.P.M.L. 2008) ("[G]iven the geographic dispersal of the constituent actions, the Northern District of Illinois offers a relatively geographically central and accessible forum for this litigation."). *See also In*

---

endorsed the Northern District of Georgia as a centrally-located forum, it offers little convenience (and virtually no connections) to any of the parties in the claims against Chase.

6

*re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1352 (J.P.M.L. 2012) (selecting the Northern District of Illinois as an appropriate transferee forum where "actions have been filed throughout the country regarding a product marketed nationwide."); *In re Wireless Tel. 911 Calls Litig.,* 259 F. Supp. 2d 1372, 1373–74 (J.P.M.L. 2003) (same); *In re: Text Messaging Antitrust Litig.,* 588 F. Supp. 2d 1372, 1373 (J.P.M.L. 2008) (noting that the Northern District of Illinois "provides a relatively central forum for this nationwide litigation"); *In re "Factor VIII or IX Concentrate Blood Prods."*, Prod. Liab. Litig., 853 F. Supp. 454, 455 (J.P.M.L. 1993) ("selecting the Northern District of Illinois as the transferee forum, [and noting] that . . . Chicago is a geographically central location for this nationwide litigation."). Under these circumstances, the fact that no agent fee cases are presently proceeding in the Northern District of Illinois "is not an impediment to its selection as a transfer district." *See In re: BP p.l.c. Sec. Litig.*, 734 F. Supp. 2d 1376, 1379 (J.P.M.L. 2010) (citing *In re Southwestern Life Insurance Co. Sales Practices Litigation,* 268 F.Supp.2d 1377, 1378 (J.P.M.L.2003).

Second, in addition to its central location, the Northern District of Illinois is closer—and, thus, more convenient—to the witnesses and other evidence that will be common to each of the claims against Chase. While individual businesses affected by Chase's conduct may be spread across the country, because Chase's company-wide approach to the PPP was formulated at the highest level, evidence and witnesses relevant to those decisions (and plaintiffs' legal claims) will primarily reside at Chase's headquarters in Ohio. The physical proximity of Chicago to a substantial body of witnesses and evidence for this case makes Northern District of Illinois far preferable to Georgia*. See In re: Ford Motor Co. Defective Spark Plug & 3-Valve Engine Prods. Liab. Litig.,* 844 F. Supp. 2d 1375, 1376–77 (J.P.M.L. 2012) ("Moreover, [the Northern District of Ohio] is significantly closer to Ford's Michigan headquarters, where potentially relevant

documents and witnesses may be found, than is the other proposed transferee forum, the Central District of California."); *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379–80 (J.P.M.L. 2017) (selecting Ohio as a transferee court because the midwestern state "[t]he Northern District of Ohio presents a geographically central and accessible forum that is relatively close to defendants' various headquarters[.]") Further, Chase's national counsel in the cases subject to this Motion as well as the other cases subject to the putative Chase PPP Loan Fraud MDL are located at Greenberg Traurig LLP's office in Chicago. (*See* dkt. 60.)

Third, and as with other major metropolitan areas, Chicago's infrastructure—including its availability of travel, lodging, and legal support services—will benefit the scope of the cases presented here. *See In re WorldCom, Inc., Sec. & "Erisa" Litig.,* 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (selecting New York City as transferee forum, noting "litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services."). Likewise, the Northern District of Illinois is equipped with courtroom technology and procedures that not only help with regular presentations at hearings, but can also facilitate remote hearings and conferences as the pandemic continues to limit the availability of in-person appearances. *See* N.D. Ill. Courtroom Technology, https://www.ilnd.uscourts.gov/Pages.aspx?page=CourtRoomTechnology (last visited June 18, 2020).

In short, transfer to a geographically central location like the Northern District of Illinois will provide readier access to critical evidence than if these cases are centralized in Georgia, and will require less travel for fewer people. Given the country's—and the world's—current state of affairs, that is an outcome to be embraced.

**2.      Judge Kennelly of the Northern District of Illinois is an experienced MDL jurist who is already presiding over a PPP-related case against Chase and has been suggested as an appropriate transferee court in the putative Chase Loan Fraud MDL.**

Last, Plaintiff proposes that the Chase Agent Fee MDL be transferred to the Honorable Matthew F. Kennelly, who is already overseeing one of the other PPP-related cases against Chase and has been identified as a potential transferee court in the proposed Chase Loan Fraud MDL.

Judge Kennelly has been repeatedly identified by the Panel as "an experienced MDL jurist." *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d at 1352. Given his reputation and ability to manage complex MDL dockets, the Panel has transferred multiple MDLs to Judge Kennelly's courtroom. *See, e.g., In re: AndroGel Prods. Liab. Litig.,* 24 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014) (transferring MDL to Judge Kennelly and noting "[w]e are confident that he will steer this litigation on a prudent course."); *In re Navistar 6.0 L Diesel Engine Prods. Liab. Litig.,* 777 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) (transferring MDL to Judge Kennelly and noting that he "can effectively manage this litigation"); *In re: Text Messaging Antitrust Litig.,* 588 F. Supp. 2d at 1373 (noting that Judge Kennelly has the "experience to steer [the MDL] docket on a prudent course."). In terms of availability and fit, Judge Kennelly only has one MDL pending before him, *see* Pending MDLs by District as of May 15, 2020, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-May-15-2020.pdf, and was assigned one of the actions subject to the proposed Chase PPP Loan Fraud MDL. Further, the docket of the Northern District of Illinois shows no indications that it is overburdened (certainly not more so than other district courts) and, as the Panel has previously recognized, it has "the resources available to manage [a complex multidistrict] litigation." *In re*

9

*ClassicStar Mare Lease Litig.,* 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007). As such, there is every reason to believe that Judge Kennelly would make a suitable (to put it mildly) transferee judge and, as he has with several other complex MDLs, "steer this litigation on a prudent course." *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d at 1352.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Panel deny Alliant's Motion and enter an Order severing the agent fee claims against Chase from their respective cases, consolidating them before the Panel, and transferring them to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

**HOWARD SMUKLER,** individually and on behalf of all other similarly situated individuals.

Date: June 19, 2020

By: /s/ Rafey Balabanian
*One of the Interested Party's Attorneys*

Rafey Balabanian (SBN – 315962)
rbalabanian@edelson.com
Lily Hough (SBN – 315277)
lhough@edelson.com
Brandt Silver-Korn (SBN – 323530)
bsilverkorn@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212.9300
Facsimile: (415) 373-9435